

**SIGNED this 07 day of April, 2010.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

 **[This opinion is not intended for publication as the precedential effect is deemed limited.]**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

In re

    BETTY JANE WIDNER | No. 09-52844
Chapter 7

            Debtor.

EASTMAN CREDIT UNION

        Plaintiff,

vs.  | Adv. Proc. No. 10-5003

BETTY JANE WIDNER,

       Defendant.

### M E M O R A N D U M

APPEARANCES:

O. Taylor Pickard, Jr., Esq. | D. Stephen Duncan, Esq.
Wilson Worley  Moore Gamble & Stout | Duncan Law Firm
Post Office Box 88 | Post Office Box 1848
Kingsport, Tennessee 37662 | Johnson City, Tennessee 37605-1848
*Attorney for Eastman Credit Union* | *Attorney for Betty Jane Widner*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. In this adversary proceeding, Eastman Credit Union seeks a judgment and a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A). Presently before the court is the debtor Betty Jane Widner's motion to dismiss because Eastman's complaint was filed three days after the deadline provided by Federal Rule of Bankruptcy Procedure 4007(c). Because the court concludes that the deadline was equitably tolled or that the Debtor is estopped from raising the complaint's untimeliness, the Debtor's motion will be denied. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

I.

On October 15, 2009, the Debtor filed a voluntary petition for bankruptcy relief under chapter 7, listing Eastman as an unsecured creditor in her schedules. Following the Debtor's bankruptcy filing, the clerk of court notified all scheduled creditors including Eastman that the 11 U.S.C. § 341(a) meeting of creditors would be held November 18, 2009, and that the deadline for filing dischargeability complaints was January 19, 2010.

On January 22, 2010, Eastman filed the complaint initiating this adversary proceeding. Eastman alleges in the complaint that within seventy days of the bankruptcy filing the debtor obtained cash advances totaling $1,712.17 on a line of credit and that these charges remain unpaid and are nondischargeable under § 523(a)(2)(A). Eastman seeks a determination that the indebtedness is nondischargeable and a judgment for the indebtedness, plus attorney fees and interest, as provided in the parties' agreement, a copy of which is attached to the complaint.

The complaint was met with the Debtor's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) due to its untimeliness. In response, Eastman asserts that the Debtor is estopped from raising the defense and has waived her right to do so. The response is supported by the affidavit of O. Taylor Pickard, Jr., the attorney for Eastman, who states in pertinent part the following:

> On or about December 2, 2009, I wrote a letter to Debtor's attorney asking if Debtor would agree to the entry of a Judgment that $1,712.17 obtained by Debtor under a line-of-credit within seventy days of filing her bankruptcy was nondischargeable.

2

On or about December 16, 2009, a message was left on my telephone by someone from Debtor's attorney's office stating that Debtor agreed to the entry of such a Judgment. I returned the call and asked if Debtor wanted to put in the Agreed Judgment that it would be paid in installments.

On or about January 13, 2010, a message was left on my telephone that the Debtor would pay $95.12 per month on the Agreed Judgment.

I returned to the call on January 13, to ask how the caller had arrived at the figure of $95.12. She said she divided the amount of the Agreed Judgment by eighteen months. I told her that if the judgment were to be paid in installments, it would have to bear interest. She said she would have to talk to Debtor or Debtor's attorney and get back with me. . . .

On January 14, 2010, I prepared an Agreed Judgment bearing interest at ten percent and payable in equal installments over eighteen months. . . .

On January 15, 2010, I mailed a copy of the Agreed Judgment to Debtor's attorney.

On or about January 21, 2010, I talked with Debtor's attorney by telephone and he told me the Debtor had been discharged, and he could not agree to entry of the Judgment.

As a result of that conversation with Debtor's attorney, I filed the Complaint to Determine Dischargeability on January 22, 2010.

In response to Eastman's assertions, the Debtor denies that she waived or is estopped from raising the complaint's untimeliness and tenders the affidavits of her attorney, D. Stephen Duncan, and his legal assistant, Kristina Foster, who dealt with Mr. Pickard. Neither affidavit directly disputes any of the statements in Mr. Pickard's affidavit. Both add that Mr. Pickard was never advised that the Debtor would pay interest or that it would be unnecessary for Eastman to comply with any bankruptcy procedural requirements or deadlines. From these facts, the Debtor argues that there was a dispute between the parties regarding the terms of the settlement and that despite this dispute, Eastman failed to take any steps within the deadline to protect its claim from being discharged.

## II.

Under chapter 7, a debtor is discharged from pre-petition debts with the exception of those which are listed in 11 U.S.C. § 523(a). 11 U.S.C. § 727(b). Most of these exceptions are self-

executing, meaning that a creditor need not file a complaint to except the debts from discharge. However, for debts which fall within subsections 523(a)(2), (4), and (6), a creditor must file a complaint requesting that the debts be found nondischargeable. 11 U.S.C. § 523(c)(1). The deadline for filing such complaints is sixty days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c).[1]  The court may extend the deadline upon a showing of cause, but such a request must be filed before the time has expired. *Id.*  Despite the mandatory language of the rule, the Sixth Circuit Court of Appeals has held that the deadline is not jurisdictional in nature, but rather is a statute of limitations that is subject to the equitable defenses of waiver, estoppel, and equitable tolling. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003). Each of these equitable defenses will be examined in turn to ascertain if they are applicable to the present case.

Waiver is defined as the "intentional relinquishment or abandonment of a known right." 28 Am. Jur. 2d *Estoppel and Waiver* §198 (2010). Although ECU argues that the Debtor has "waived" her right to enforce the Rule 4007(c) deadline, there is nothing in the record indicating that the Debtor intentionally relinquished or abandoned this deadline. Mr. Pickard's affidavit makes no mention of any discussion regarding the deadline. Ms. Foster states in her affidavit that "At no time during any of my conversations with Mr. Pickard did I ever advise or indicate to Mr. Pickard that he did not need to comply with the deadlines . . . ."  Accordingly, ECU's waiver argument is inapplicable.

Turning next to the estoppel issue, equitable estoppel "precludes a party to a lawsuit from raising a certain defense, regardless of the merits of the defense, because of some improper conduct on that party's part." *State of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir. 1988).  "The traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom the estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *Mich. Express, Inc. v. United*

---

[1] Federal Rule of Bankruptcy Procedure 4007(c) provides that:

[A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . .  On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.

4

*States*, 374 F.3d 424, 427 (6th Cir. 2004).

Each of these three elements is present in this case. As to the first element, a misrepresentation by the party against whom estoppel is asserted, i.e., the Debtor, the gist of the Debtor's argument is that no settlement was reached by the parties because the interest issue was unresolved. However, it is undisputed that prior to the discharge deadline the Debtor agreed to the entry of a nondischargeable judgment against her in the amount of $1,712.17, the amount now sought by ECU in its complaint. This agreement was communicated in a telephone message to Mr. Pickard and was not made conditional on either the absence of interest or the ability to pay the judgment in installments. The fact that there was no express agreement as to the accrual of interest does not preclude the existence of a settlement because interest automatically accrues on a judgment by operation of law. *See* 28 U.S.C. § 1961.[2] In other words, by agreeing to the entry of a judgment against her, the Debtor implicitly agreed that the judgment would accrue interest.

Regarding the remaining elements of estoppel, reasonable reliance to the party's detriment, it is clear that the Eastman relied upon the representation that the Debtor had agreed to the entry of a judgment against her and that because of this reliance Eastman did not timely file a dischargeability complaint. This reliance was reasonable notwithstanding the ongoing discussions about interest and installment payments. Neither of these discussions would preclude the entry of

---

[2] The federal judgment statute provides in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). It has been held that § 1961 applies to judgments entered in bankruptcy courts, as they are units of the district court pursuant to 28 U.S.C. § 151. *See, e.g., Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 794 (10th Cir. 2009) (quoting *Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)*, 964 F.2d 842, 849 (8th Cir. 1992)); *but see Primm v. Foster (In re Foster)*, 38 B.R. 639, 641 (Bankr. M.D. Tenn. 1984) (post-judgment interest on nondischargeable judgment awarded in bankruptcy court is to be calculated at promissory note rate pursuant to Tenn. Code Ann. § 47-14-121). Parties may, however, agree to a different calculation of interest, but must do so specifically, with clear, unambiguous, and unequivocal language. *In re Riebesell,* 586 F.3d at 794.

an agreed judgment since neither had to be addressed in the judgment. As noted, interest accrues automatically by operation of law and the installment offer had been an afterthought by Eastman that could be resolved separately after the entry of the judgment. Granted, it would have been the better practice for Eastman's counsel to have the agreed judgment signed and entered before the deadline, or at a minimum, to have followed up on his January 15 letter before the January 19 deadline. However, the fact that he failed to do so did not render the reliance unreasonable because it was never communicated to Eastman's counsel, prior to the deadline, that the Debtor had changed her mind about the settlement or that her agreement depended on the absence of interest. Moreover, in this regard, counsel for the Debtor had established a pattern of being slow to respond to communications from Eastman's counsel (Debtor's counsel responded to Eastman's first letter two weeks after it was sent, and then responded to the second communication, a phone message, almost a month after it was communicated). Thus, it would not have been cause for alarm that Eastman had not received a response to his January 15 letter by the January 19 dischargeability deadline.

The last issue is whether the complaint deadline was equitably tolled. Courts consider five factors in this regard: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *In re Maughan*, 340 F.3d at 344 (quoting *First Bank System v. Begue (In re Begue)*, 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995)). If a party has actual notice of the filing deadline, the first, second, and fifth factors become irrelevant. *Id.* In this case, there is nothing to indicate that Eastman was improperly served or lacked actual notice of the filing deadline. Accordingly, the court's focus is narrowed to third and fourth factors: "the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant." *Id.*

The Debtor argues that Eastman failed to pursue its rights diligently and that she would be prejudiced if the court denies her motion to dismiss because she will have to incur the time and expense of defending this action. Regarding the diligence issue, the parties' affidavits establish that Eastman's counsel first made contact with Debtor's counsel six weeks before the deadline and that he diligently followed up on any communication from Debtor's counsel. As previously noted, the failure of Eastman's counsel to follow up on his January 15 letter before the January 19 deadline

6

does not indicate a lack of appropriate diligence because the Debtor had agreed to the entry of a judgment against her in the amount sought by Eastman.  Further, Eastman filed its dischargeability complaint the day after its counsel learned that Debtor was no longer willing to enter into the agreement, a delay of only three days after the dischargeability deadline.  *See In re Maughan*, 340 F.3d at 344 (no error in court's conclusion that movant was diligent even though movant could have filed motion for extension of time to file dischargeability complaint before deadline, where delay was only three days after deadline, debtor suffered no prejudice from delay, and delay was partly attributable to debtor's conduct).

With respect to prejudice, the appropriate inquiry is whether the Debtor has been harmed in her ability to defend the action due to the delay in the complaint's filing.  The time and expense of defending the action is a burden that the Debtor would have had to undertake if the complaint had been timely filed and cannot be said to be attributable to a delay in the complaint's filing. "Prejudice for purposes of the doctrine of equitable tolling means the disposal of evidence and the inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time."  *Salins v. City of Dayton*, 624 F. Supp. 632, 634 (S.D. Ohio 1985).  Considering this standard, it does not appear that the three day delay in filing prejudiced the Debtor in any respect. Presumably, she will be able to raise any of the defenses which were available to her before the deadline passed.  Accordingly, the court finds no prejudice to the Debtor which would preclude a finding that the deadline was equitably tolled.

III.

In conclusion, before the discharge deadline the Debtor unconditionally agreed to the entry of a nondischargeability judgment against her in favor of Eastman and this agreement was communicated to Eastman's counsel. The fact that the parties did not discuss whether the judgment would accrue interest is irrelevant to the question of whether there was an agreement since interest accrues on a federal judgment as a matter of law.  Nor did the fact that there were subsequent discussions regarding interest and the amount of the installment payments, which such discussions were unresolved as of the deadline, nullify the parties' previous agreement.  Neither of these issues had to be resolved before an agreed judgment could be entered and it was never communicated to

7

Eastman that the Debtor had changed her mind or that her agreement was subject to these issues being resolved.  Lastly, the fact that Eastman did not file a complaint before the deadline or that the dischargeability deadline had run did not provide a basis for Debtor's counsel to refuse to sign the agreed judgment presented to him, since it is well established that this deadline may be waived or tolled.  For these reasons and as otherwise discussed in this opinion, the court concludes that the Debtor is estopped from raising the lateness of the dischargeability complaint filed against her and that the deadline was equitably tolled.  An order will be entered in accordance with this ruling, denying Debtor's motion to dismiss.

# # #